UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

| | : | |
|---|---|---|
| CARLOS BAYON, | : | CASE NO. 4:20CV00551 |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | ORDER OF DISMISSAL |
| | : | [Resolving Doc. 1, 9] |
| NORTHEAST OHIO CORE CIVIC, et al., | : | |
| | : | |
|     Defendants. | : | |
| | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Carlos Bayon ("Bayon"), a federal prisoner, filed a complaint[1] and amended complaint,[2] alleging that defendants violated various constitutional rights, including among other violations, failing to provide adequate medical care, failing to accommodate his disability, and failing to provide for his safety.[3]

Bayon filed a combined motion to proceed with this action *in forma pauperis* and for appointment of counsel.[4] With respect to the motion to proceed *in forma pauperis*, Magistrate Judge Thomas Parker determined the motion was deficient and, on March 23, 2020, ordered Bayon to either pay the filing fee or complete and file the financial application attached to the Order.[5]

The Deficiency Order provided Bayon with thirty (30) days to comply and expressly warned that "[f]ailure to comply with this Order may result in dismissal of this action

---

[1] Doc. 1.
[2] Doc. 4. Plaintiff's motion to file an amended/corrected complaint is granted.
[3] This case was transferred to this District from the United States District Court Western District of New York. Doc. 5.
[4] Doc. 2.
[5] Doc. 6 ("Deficiency Order").

Case No. 4:20CV00551
Gwin, J.

without further notice."[6] On March 23, 2020, a copy of the Deficiency Order was mailed to Bayon at his address of record. But the mailing was returned to the Court marked "Inmate Paroled or Released." The Bureau of Prisons inmate locator indicated that plaintiff is housed at USP Canaan, and a copy of the Deficiency Order was mailed to Bayon at that address.[7] The Court entered an order of dismissal after more than sixty (60) days had passed and Bayon had not responded to the Deficiency Order nor has the re-mailed Deficiency Order been returned as undeliverable. After the dismissal was entered, Bayon filed a Motion to reopen the case. The Court granted the Motion to Reopen and directed Bayon to comply with the previously issued Deficiency Order. At this time, more than sixty (60) days have passed and Bayon has filed to comply with the Deficiency Order.

Fed. R. Civ. P. 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with the Court's orders as a tool to effectively manage its docket.[8] The Court considers four factors when determining whether a case is subject to dismissal for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."[9] First, the Court finds that Bayon's failure to comply with the Deficiency Order was due to his willfulness and fault because in addition to not complying with the Order, he failed to update his address with the Court. Bayon has an affirmative duty to advise the Court of any change to his address.[10]

[6] *Id.*

-

Case No. 4:20CV00551
Gwin, J.

Second, defendants have not been prejudiced by Bayon's failure respond to the Deficiency Order. As to the third factor, the Deficiency Order warned Bayon that failure to comply may result in dismissal of this action without further notice. Finally, the Court concludes that an alternate sanction would not be effective because Bayon has already failed to prosecute this case by not fulfilling his obligation to keep the Court apprised of his current address[11] in addition to failing to respond to the Deficiency Order. After balancing these factors, the Court exercises its discretion to dismiss this action without prejudice pursuant to Rule 41(b).[12]

Accordingly, this action is dismissed without prejudice. Bayon's motion for appointment of counsel is moot and denied as such. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 9, 2021    *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[7] *See* Doc. 7.
[8] *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted).
[9] *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).
[10] *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (Table) (citation omitted).
[11] *Walker v. Cognis Oleo Chem., LLC*, No. 1:07CV289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, [Bayon] demonstrates a lack of prosecution of his action.") (citing among authority *Barber v. Runyon*).
[12] *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address).

-